```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
  UNITED STATES OF AMERICA            :
                                      :
         - v. -                       :     PROTECTIVE ORDER
                                      :
  BRANDON BECKER and                  :     S3 19 Cr. 704 (LAP)
  STEVEN SHORT,                       :
                                      :
             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

WHEREAS, the Government has moved pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant STEVEN SHORT (the "defendant"), through defense counsel.; and

WHEREAS, the Government has informed the Court that the Government is prepared to disclose to the defendant -- pursuant to its obligations under Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady* v. *Maryland;* and/or *United States* v. *Giglio* – documents containing certain bank records, financial records, and other documents containing personal identifying information such as Social Security numbers, dates of birth, home addresses, and other sensitive information; and

WHEREAS, the Court finds that it is necessary to protect such sensitive information, without limiting the defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure; and

WHEREAS, the Court entered a similar protective order on December 11, 2019, pertaining to documents to be disclosed to co-defendant Brandon Becker;

IT IS HEREBY ORDERED:

1

1.      That, with the exception of otherwise publicly available documents and information, all materials, including documents and the information contained therein, electronic data, and other audio or visual materials that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady* v. *Maryland;* or *United States* v. *Giglio,* are considered "Confidential Information."

2.      Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

(a)     Shall be used by the defendant and his counsel only for purposes of defending this criminal action*;*

(b)     Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

(c)     May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

(i)     investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel;

(ii)    independent expert witnesses, investigators or expert advisors retained - pursuant to a written retainer agreement -- in connection with this action;

(iii)   prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case;

(iv)    co-counsel and co-defendants in this case with whom a joint defense or common interest agreement exists; and

(v) such other persons as hereafter may be authorized by agreement of the parties, in writing, or by the Court upon the defendant's motion.

3. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

4. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(i)-(iv). Designated Persons shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by the defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.  In addition, if Confidential Information is provided to any Designated Persons, counsel shall make reasonable efforts to seek the return or destruction on of such materials as set forth in paragraph 3.

5. The defendant and his counsel will not attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government.  The defendant and his counsel shall initially file Confidential Material pertinent to any motion before the Court under

3

seal, absent consent of the Government or Order of the Court. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth herein.

7. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information pending further Order of this Court.

8. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court for purposes of this action.

[THIS SPACE INTENTIONALLY LEFT BLANK]

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: _____     Date: July 12, 2021
    David Raymond Lewis / Vladislav Vainberg
    Assistant United States Attorneys

_____     Date: 7-15-21
Robert D. Eckard
Counsel for Steven Short

SO ORDERED:

Dated: New York, New York
       July 19, 2021

_____
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE