UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
STEVEN SHORT,                       :
            Petitioner,             :
                                    :   24 CV 3976 (LAP)
    -against-                       :   19 CR 0704 (LAP)
                                    :
UNITED STATES OF AMERICA,           :   ORDER
                                    :
            Respondent.             :
                                    :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

    Mr. Short moves for leave to amend his habeas petition
pursuant to Federal Rules of Civil Procedure 15(a)(1)(B) and
15(a)(2).  (See dkt. no. 6.)  Because Rule 15(a)(1)(B) does not
apply to habeas proceedings, see Argraves v. United States,
No. 3:11-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013);
Soler v. United States, No. 05 CRIM. 165 RJH, 2010 WL 4456343, at
*2 (S.D.N.Y. Oct. 18, 2010), the only basis for amendment is
Rule 15(a)(2).

    Under Rule 15(a)(2), courts are instructed to grant leave
"when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, the
statute of limitations for filing a § 2255 claim expired on May 16,
2024, see 28 U.S.C. § 2255(f)(1), and amendment would be untimely
unless it relates back to the original complaint under Rule 15(c).
Amended claims relate back to the original petition where the
claims arise out of the same "conduct, transaction, or occurrence

set out – or attempted to be set out – in the original pleading."
Fed. R. Civ. P. 15(c)(1)(B).   Specifically, relation back is
permitted where the "original and amended petitions state claims
that are tied to a common core of operative facts."  Ozsusamlar v.
United States, No. 10-cv-6655 (KMW), 2013 WL 4623648, at *3
(S.D.N.Y. Aug. 29, 2013) (internal quotation marks omitted).
In other words, an amended habeas petition does not relate back
where "it asserts a new ground for relief supported by facts that
differ in both time and type from those the original pleading set
forth."  See Gonzalez v. United States, No. 08 Cr. 684 (VSB), 2018
WL 5023941, at *3 (S.D.N.Y. Oct. 17, 2018) (quotation omitted).
Here, Mr. Short's letter-motion for leave does not provide the
Court sufficient information to determine if the proposed
amendment relates back to the original petition and, thus, if the
proposed amendment is timely.

To the extent that Mr. Short still wishes to amend his
petition, he shall file a proposed amended petition no later than
September 27, 2024.  If Mr. Short does not file an amended petition
and instead chooses to proceed on his initial petition, he shall
have until September 27, 2024 to file any reply to the Government's
opposition.  The Clerk of the Court is directed to mail a copy of
this order and the Government's response, (dkt. no. 8), to
Mr. Short.

2

**SO ORDERED.**

Dated:    New York, New York
          August 28, 2024

_____
LORETTA A. PRESKA
Senior United States District Judge

3