UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN SHORT,

Petitioner,

-against-

UNITED STATES OF AMERICA,

Respondent.

24-CV-3976 (LAP)
19-CR-704 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are Petitioner Steven Short's motions to reconsider the Court's order denying his amended motion to vacate his sentence under 28 U.S.C. § 2255.[1] For the reasons set forth below, all of Short's pending motions are DENIED.

## BACKGROUND

The Court assumes familiarity with the facts set out in its April 10, 2025 Memorandum and Order (the "Order," Dkt. 15) and recounts only those necessary to resolve the instant motions.

This case arises from Short's guilty plea to conspiracy to commit wire fraud and bank fraud. In Short's plea agreement, Short

[1] "Dkt." refers to the civil petition docket, No. 24-CV-3976, and "Cr. Dkt." to Short's criminal docket, No. 19-CR-704. See Petitioner's Motion for Reconsideration, Dkt. 16 ("Mot."); Government's Memorandum in Opposition to Petitioner's Motion to Reconsider, Dkt. 18 ("Gov. Opp."); Petitioner's Surreply for Reconsideration, Cr. Dkt. 311 ("Reply"); Petitioner's Motion for Evidentiary Hearing Pursuant, Dkt. 24 ("Hearing Mot."). The Court has also considered Short's July 18, 2025 letter and its exhibits, Dkt. 19 ("July 18 Letter").

stipulated to a loss amount between $9,500,000 and $25,000,000, which yielded a Guidelines range of 78 to 97 months' imprisonment. (Order at 2.) The Court sentenced Short to a term of imprisonment of 78 months. (Id. at 5.)

Short's prior Section 2255 motion argued that Short's plea counsel was ineffective for failing to ensure that the stipulated loss was offset by payments from customers who never objected to the services they received. (Id. at 5-6.) In denying the motion, the Court held that Short's sworn plea allocution was fatal to his claim of deficient performance. Moreover, the Court found that Short could not show any actual prejudice from his counsel's performance because the plea agreement conferred clear benefits on Short and Short received a sentence at the bottom of the stipulated range. (Id. at 10-13.)

Short now moves for reconsideration and asks the Court to vacate the Order and hold an evidentiary hearing, which the Government opposes.

## LEGAL STANDARD

In this District, the standard for reconsideration is demanding. Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Notwithstanding the high bar for reconsideration, Short's pro se submissions are read "to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).

In order to warrant an evidentiary hearing on a Section 2255 motion, "the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013).

## DISCUSSION

### A. Short Identifies No Error in the Court's Prior Order

Short's principal argument is that his sworn satisfaction with his counsel's performance at the plea hearing does not contradict Short's later claim because he learned of counsel's errors only after the plea and sentencing. (Mot. at 3-4.) The Court disagrees. The Order's reliance on Short's plea allocution applied settled law. (Order at 11 (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).) That Short disagrees with that long-settled law does not warrant reconsideration.

Independently, Short's claim fails because his "offset" argument is meritless. To be sure, the Sentencing Guidelines reduce loss by the fair market value of services rendered to the victim before the offense was detected. U.S.S.G. § 2B1.1. But Bank-1, which was induced to process more than $19 million through

sham merchant accounts, received no services at all. Short offers no evidence that those customers who did not obtain refunds or chargebacks received services of any value, let alone services worth the more than approximately $2.86 million that would be needed to bring Short into the next lowest loss amount rung under the Guidelines. (Gov. Opp. at 8-11; see Order at 4 n.4.) And because Short's offset argument is facially meritless, Short "cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." Harrington v. United States, 689 F.3d 124, 130 (2d Cir. 2012).

Short also contends that the Order misjudged prejudice, both by citing cases involving undisclosed plea offers and by concluding that rejecting the plea would not have been rational. (Mot. at 3, 13.) But the Order applied the well-established standard that governs a claim that counsel's advice induced a guilty plea. (Order at 12 (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).) And Short's disagreement with how the Court weighed that plea's benefits is also not a basis for reconsideration.

Finally, Short argues that the Court could not deny relief without first obtaining his counsel's account. (Mot. at 17 (citing Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001)).) That, too, is not the law. A hearing is required only where the facts alleged, if proved, would entitle the movant to relief. Gonzalez, 722 F.3d at 131. Even crediting Short's account of what his

counsel told Short, Short's argument fails as a matter of law. Accordingly, Short's motion for reconsideration is DENIED.

**B. Short's New Claims Are Not Properly Before the Court**

Short's Reply appears to abandon his offset theory and offer new grounds for vacatur entirely. Short now contends that his counsel was ineffective in the FTC civil action and that Eckard's handling of that action created an unwaivable conflict that tainted the plea. In addition, Short speculates that his 2015 proffer immunized him from prosecution and that the evidence implicates his co-conspirators rather than him.

Putting aside whether these new arguments have merit, they are entirely improper on a motion for reconsideration because they were not raised in Short's prior submissions. By his own account, Short received the documents underlying those claims from his counsel before Short surrendered to serve his sentence. (July 18 Letter at 1.) Moreover, Short was already in custody well before the Order issued. (See Dkt. 8 at 4.)

Nor may the Court entertain the new claims as a new Section 2255 motion. Short's prior Section 2255 motion has been decided on the merits, meaning that a second or successive motion must first be certified by the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The Court therefore declines to construe Short's Reply or the Hearing Motion as a Section 2255 motion.

In any event, Short's new "immunity" theory is meritless because Short identifies no such immunity order. Short instead points to an entirely standard DOJ proffer agreement, which provides:

> The government may use any information or evidence (other than the statements of Steven Short) derived directly or indirectly from the proffer during any prosecution of Steven Short, including during bail/detention proceedings, during its case-in-chief, or in aggravation of Steven Short's sentence. The government is completely free to pursue any and all investigative leads derived in any way from the proffer, and this could lead to the acquisition of evidence admissible against Steven Short.

(Reply Supp. Ex. 1.) Nothing in the proffer agreement immunizes Short from prosecution. On the contrary, it permits the Government to use any and all leads derived from the proffer to prosecute Short.

Accordingly, Short's motion fails.

## CONCLUSION

For the foregoing reasons, Short's motion for reconsideration (Dkt. 16) is DENIED, and his motion for an evidentiary hearing (Dkt. 24) is DENIED as moot. The Court denies Short's new arguments for vacatur without prejudice to Short's seeking authorization for a second petition from the Court of Appeals under 28 U.S.C. § 2255(h).

Because Short has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). The Court further certifies that any appeal from this Opinion and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall close Dkts. 16, 19, and 24 in No. 24-CV-3976 and Dkts. 298 and 312 in No. 19-CR-704. The Clerk of Court shall also mail a copy of this Order to Short.

**SO ORDERED.**

Dated: New York, New York<br>November 11, 2026

LORETTA A. PRESKA<br>Senior United States District Judge